## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADRIAN LOPEZ GARCIA**, | Case No. 3:22-cv-00276-IM |
| Plaintiff, | |
| v. | **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| **DANIEL M. RENAUD, ALEJANDRO MAYORKAS, and MERRICK B. GARLAND**, | |
| Defendants. | |

Nicole Hope Nelson and Philip James Smith, Nelson Smith LLP, 1123 SW Yamhill St., Portland, OR 97205. Attorneys for Plaintiff.

Natalie K. Wight and Patrick J. Conti, United States Attorney's Office, 1000 SW 3rd Ave., Suite 600, Portland, OR 97204. Attorneys for Defendants.

**IMMERGUT, District Judge.**

This action comes before this Court on Daniel M. Renaud, Alejandro Mayorkas, and

Merrick B. Garland's (collectively, "Defendants") Motion to Dismiss for Lack of Jurisdiction.

ECF 17. Defendants argue that this Court lacks jurisdiction under Section 1252(a)(2)(B)(i) of the

Immigration and Nationality Act ("INA") and under Section 701(a)(2) of the Administrative

Procedure Act ("APA"). *Id.* at 2. Plaintiff, who is represented by counsel, fails to respond to

Defendants' arguments that this Court lacks jurisdiction under the APA. Plaintiff's failure to

address Defendants' APA argument constitutes a concession on the merits and is grounds for

PAGE 1 – OPINION AND ORDER

granting Defendants' Motion to Dismiss. Nonetheless, this Court also finds that it lacks jurisdiction under Section 1252(a)(2)(B)(i) of the INA. Accordingly, Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF 17, is GRANTED with prejudice.

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When ruling on a challenge to subject matter jurisdiction, "[a] district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "[N]o presumptive truthfulness attaches to plaintiff's allegations." *Id.* (quoting *Augustine*, 704 F.2d at 1077). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Id.* (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)); *see also Kokkonen*, 511 U.S. at 377 ("[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction . . . ."). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint . . . ." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012).

## BACKGROUND

### A.  U Visa Status Framework

In 2000, Congress created a non-immigrant visa status for noncitizen victims of crimes ("U visa"). *See* Victims of Trafficking and Violence Protection Act ("VTVPA"), Pub. L. 106–386, 114 Stat 1464; codified at 8 U.S.C. § 1101(a)(15)(U). Under the VTVPA, a noncitizen may be granted U visa status if the noncitizen suffers substantial physical or mental abuse as a result

of having been the victim of a crime and cooperates with law enforcement in the resulting

investigation or prosecution of the crime. 8 U.S.C. § 1101(a)(15)(U)(i)(I). That noncitizen may

then apply for adjustment of status from U visa holder to lawful permanent resident pursuant to

8 U.S.C. § 1255(m). Under Section 1255(m), "[t]he Secretary of Homeland Security may adjust

the status of [a U visa holder] to that of an alien lawfully admitted for permanent residence" if

the U visa holder meets two requirements: (1) the U visa holder has been physically present in

the United States for a continuous period of at least three years; and (2) "in the opinion of the

Secretary of Homeland Security, the [U visa holder's] continued presence in the United States is

justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest."

8 U.S.C. § 1255(m)(1)(A)–(B).

**B.  Plaintiff's U Visa and Application for Adjustment of Status**

Plaintiff is a twenty-seven-year-old citizen of Mexico. ECF 16 at ¶ 4. Plaintiff was

brought to the United States when he was two years old. *Id.* In 2012, Plaintiff was the victim of a

crime, during which he sustained serious injuries. *Id.* ¶¶ 4, 9. After cooperating with law

enforcement, Plaintiff applied for a U visa with the United States Citizenship and Immigration

Services ("USCIS") Vermont Service Center. *Id.* at ¶ 9. On October 2, 2014, Plaintiff's

application was approved. *Id.* at ¶¶ 4, 10. Plaintiff maintained his U visa status for more than

three years before applying for adjustment of status pursuant to Section 1255(m). *Id.* at ¶¶ 4, 11.

On April 3, 2018, Plaintiff submitted a Form I-485 application to adjust his status to

lawful permanent resident. *Id.* at ¶ 11. Because of Plaintiff's criminal record, on May 30, 2019,

USCIS requested additional evidence from Plaintiff, including information pertaining to his

criminal history and evidence of positive factors supporting approval of Plaintiff's request for

adjustment. *Id.* at ¶ 12. On August 20, 2019, Plaintiff provided USCIS with the information

requested. *Id.* at ¶ 13. On October 4, 2019, USCIS denied Plaintiff's application, stating that

PAGE 3 – OPINION AND ORDER

Plaintiff "did not provide sufficient evidence to establish that his adjustment of status was warranted on humanitarian grounds, to ensure family unity, or in the public interest and that he did not warrant a favorable exercise of discretion." *Id.* at ¶ 14.

On November 6, 2019, Plaintiff filed a Motion to Reopen and Reconsider USCIS's denial of his application. *Id.* at ¶ 15. In support of his motion, Plaintiff submitted additional favorable evidence, including a statement from Plaintiff, a statement from Plaintiff's mother, who is a lawful permanent resident, a psychological evaluation from a Licensed Clinical Social Worker, a letter from Plaintiff's recovery mentor, and a letter from the Resident Counselor with the Washington County Community Corrections Center. *Id*. On February 7, 2020, USCIS dismissed Plaintiff's motion for not presenting new evidence to support reconsideration. *Id.* at ¶ 16. Defendants concede that this basis for denial was incorrect as Plaintiff had in fact submitted new information to support reopening his proceedings. ECF 17 at 6.

On February 18, 2022, Plaintiff filed this action against Daniel M. Reynaud, Director of the USCIS Vermont Service Center, Alejandro Mayorkas, Secretary of the Department of Homeland Security ("DHS"), and Merrick B. Garland, Attorney General of the United States challenging the denial of his application for adjustment of status. ECF 1 at ¶¶ 5–8. On June 28, 2022, USCIS issued a notice reopening Plaintiff's application and requesting additional evidence from Plaintiff in support of his application. ECF 16 a ¶ 20. On November 16, 2022, Plaintiff submitted the evidence requested. *Id.* at ¶ 21. On January 17, 2023, USCIS denied Plaintiff's application, again stating the Plaintiff "did not provide sufficient evidence to establish that his adjustment of status was warranted on humanitarian grounds, to ensure family unity, or in the public interest and that he did not warrant a favorable exercise of discretion." *Id.* at ¶ 22.

Following the second denial of Plaintiff's application for adjustment of status, on January 21, 2023, Plaintiff filed the First Amended Complaint in this case. ECF 16. Plaintiff asks this Court to "hold unlawful and set aside" USCIS's denial of Plaintiff's application, *id.* at ¶ 30, because USCIS erred in its analysis of Plaintiff's family unity grounds for remaining in the United States, *id.* at ¶ 26, and failed to properly consider evidence of hardship, *id.* at ¶ 28. Plaintiff further asks this Court to "[o]rder Defendants to adjudicate Plaintiff's application according to the law" and "[s]tay the removal proceedings of Plaintiff while this action is pending." *Id.* at 8–9. Defendants move to dismiss Plaintiff's First Amended Complaint on the basis that Congress has barred judicial review of USCIS's discretionary denial under both the APA and INA. ECF 17 at 2–3.

## DISCUSSION

### A. Reviewability Under the APA

The APA provides for broad judicial review of agency action. *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1905 (2020). Challenges to administrative action enjoy a "presumption favoring judicial review," which applies with particular force to "questions concerning the preservation of federal-court jurisdiction." *Poursina v. United States Citizenship & Immigr. Servs.*, 936 F.3d 868, 871 (9th Cir. 2019) (citation omitted). However, the APA nonetheless precludes judicial review when "agency action is committed to agency discretion by law." *Dep't of Homeland Sec.*, 140 S. Ct. at 1905; *see* 5 U.S.C. § 701(a)(2). Defendants argue that judicial review of USCIS's denial of Plaintiff's application for adjustment of status is unavailable under Section 701(a)(2) of the APA because the INA expressly commits review of such applications "to be in the discretion of . . . the Secretary of Homeland Security." ECF 17 at 11 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)). Defendants note that Section 1255(m) states that the agency "*may* adjust the status" of a U visa holder if, "*in the opinion of* the [agency]," the

U visa's holder continued presence in the United States is justified on humanitarian grounds, ensures family unity, or is otherwise in the public interest, *id.* (quoting 8 U.S.C. § 1255(m)(1)), and that the implementing regulations state that the decision to approve or deny an application under Section 1255(m) "is a discretionary determination that lies solely within USCIS's jurisdiction," *id.* (quoting 8 C.F.R. § 245.24(f)).

Plaintiff, who is represented by counsel, does not respond to Defendants' arguments that judicial review is precluded under the APA. *See generally* ECF 20. This Court finds Plaintiff's failure to address Defendants' APA arguments constitutes a concession on the merits, and therefore further finds that judicial review is barred by the APA. *See Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-cv-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021), report and recommendation adopted, 2021 WL 1270457 (Apr. 6, 2021) (collecting cases); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (finding that a plaintiff who makes a claim in his complaint but fails to raise the issue in response to a defendant's motion to dismiss has abandoned the claim); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding that the plaintiff abandoned her claims by not raising them in opposition to the defendant's motion for summary judgment). Accordingly, this Court finds that Plaintiff has not met his burden of establishing this Court's subject matter jurisdiction over this action, and this case should be dismissed based on Defendants' APA arguments alone.

**B. Reviewability Under the INA**

Nonetheless, this Court also finds that Plaintiff has not met his burden of establishing that judicial review is appropriate under the INA.

### 1. Section 1252(a)(2)(B)(i)'s Jurisdictional Bar

Under Section 1252(a)(2)(B)(i) of the INA, "regardless of whether the judgment, decision, or action is made in removal proceedings . . . no court shall have jurisdiction to

review . . . any judgment regarding the granting of relief under section . . . 1555." 8 U.S.C.

§ 1252(a)(2)(B)(i). As this Court explained above, Section 1555(m) allows the Secretary of

Homeland Security to adjust a U visa holder's status to that of a permanent resident if, in the

opinion of the Secretary, the U visa holder meets certain requirements. Defendants argue that

judicial review is unavailable in this case based on the plain language of Section 1252(a)(2)(B)(i)

of the INA. ECF 17 at 9. Plaintiff counters that Section 1252(a)(2)(B)(i) "only concerns judicial

review of removal orders and agency determinations made on cases in removal

proceedings . . . ." ECF 20 at 3.

In 2005, Congress amended the INA to add the "regardless of whether the judgment,

decision, or action is made in removal proceedings" clause. *See* PL 109-13 (HR 1268) (May 11,

2005) ("Clarification of Discretion.–Section 242(a)(2)(B) of the Immigration and Nationality Act

(8 U.S.C. 1252(a)(2)(B)) is amended . . . by inserting 'and regardless of whether the judgment,

decision, or action is made in removal proceedings,' after 'other provision of law.'"). In light of

this amendment, the Ninth Circuit has applied the jurisdictional bar found in Section

1252(a)(2)(B)(i) to agency determinations made outside of the context of removal proceedings:

in fact, in *Hassan v. Chertoff*, the Ninth Circuit held that "judicial review of a denial of an

adjustment of status application—a decision governed by 8 U.S.C. § 1255—is expressly

precluded by 8 U.S.C. § 1252(a)(2)(B)(i)." 593 F.3d 785, 788–89 (9th Cir. 2010); *see also*

*Kucana v. Holder*, 558 U.S. 233, 246 (2010) (administrative judgments under 8 U.S.C. § 1255

are "insulated from judicial review" because such judgments constitute a "discretionary relief

from removal" and were statutorily "entrusted to the Attorney General's discretion"); *J.M.O. v.*

*United States*, 3 F.4th 1061, 1063–64 (8th Cir. 2021) (concluding that review of the denial of a U

visa holder's application for adjustment of status under Section 1255(m) was barred by Section 1252(a)(2)(B)(i)).

Even more recently, the Supreme Court explained that the 2005 amendment "expressly extended the jurisdictional bar to judgments made outside of removal proceedings." *Patel v. Garland*, 142 S. Ct. 1614, 1626 (2022) (citing Section 1252(a)(2)(B)(i)). The Court held that, "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)." *Id.* at 1627. However, the Court pointed out that it was considering the reviewability of a request for relief from removal proceedings, which had already been initiated by DHS—not the reviewability of pre-initiation USCIS decisions. *Id.* at 1626. Nonetheless, the Court stated in dicta that "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 1626–27.

Indeed, following the Supreme Court's decision in *Patel*, the Ninth Circuit, albeit in an unpublished and therefore non-binding decision, dismissed a challenge by a U visa holder to USCIS's denial of his application for status adjustment for lack of jurisdiction. *Herrera v. Garland*, No. 21-17052, 2022 WL 17101156, at *1 (9th Cir. Nov. 22, 2022). The Ninth Circuit held that "the weight assigned by the USCIS to various factors in evaluating application for adjustment of status is unreviewable . . . under the Immigration and Nationality Act as a judgment 'regarding the granting of relief under . . . 1255.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(B)(i)).

In light of the express language of the INA, as well as the guidance from the Supreme Court and the Ninth Circuit, this Court finds that it does not have jurisdiction to review the denial

of Plaintiff's application for adjustment of status under Section 1255.[1] This Court concludes that

it would be contrary to the plain meaning of the INA to exercise jurisdiction over "a judgment

regarding the granting of relief under section . . . 1555." 8 U.S.C. § 1252(a)(2)(B)(i).

### 2.  Section 1252(a)(2)(D)'s Exception

Notwithstanding Section 1252(a)(2)(B)(i)'s preclusion of judicial review of judgments

made pursuant to Section 1255, Section 1252(a)(2)(D) provides an exception that permits

judicial review of certain legal claims. Section 1252(a)(2)(D) provides for judicial review of

"constitutional claims or questions of law raised upon a petition for review filed with an

appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). This

exception does not permit judicial review of questions of fact. *See Patel*, 142 S. Ct at 1619.

Defendants argue that, even if Plaintiff's First Amended Complaint raises questions of law,

Section 1252(a)(2)(D) does not establish this Court's jurisdiction over this action because the

exception applies only to "petitions for review," which are challenges to removal proceedings,

and only to challenges brought in the circuit courts. ECF 17 at 13–14. Plaintiff responds that

Section 1252(a)(2)(D) "expressly authorizes judicial review" of constitutional claims or

---

[1] This Court also notes that Section 1252(a)(2)(B)(ii) further counsels against exercising jurisdiction in this case. This subsection strips courts of jurisdiction "regardless of whether the judgment, decision, or action is made in removal proceedings" to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii). As Defendants point out, Section 1255(m) states that the Secretary of Homeland Security "*may adjust the status*" of a U visa holder if "*in the opinion* of the [Secretary]," the U visa's holder continued presence in the United States is justified on humanitarian grounds, ensures family unity, or is otherwise in the public interest. 8 U.S.C. § 1255(m)(1) (emphasis added). As Defendants also point out, the implementing regulations state that the decision to approve or deny an application under Section 1255(m) "is a *discretionary* determination that lies solely within USCIS's jurisdiction." 8 C.F.R. § 245.24(f) (emphasis added). And the Ninth Circuit has found that "judicial review of the denial of an adjustment of status application . . . is also expressly precluded by 8 U.S.C. § 1252(a)(2)(B)(ii)." *Hassan v. Chertoff*, 593 F.3d 785, 787 (9th Cir. 2010).

PAGE 9 – OPINION AND ORDER

questions of law "notwithstanding the limitations" outlined elsewhere in the statute. ECF 20 at 3.

Plaintiff also argues that if Section 1252(a)(2)(B)(i) is read to apply outside of removal

proceedings, so too should Section 1252(a)(2)(D). *Id.* at 7–8.

Unlike Section 1252(a)(2)(B)(i), Section 1252(a)(2)(D) does not contain the "regardless

of whether the judgment, decision, or action is made in removal proceedings" clause. *Compare* 8

U.S.C. § 1252(a)(2)(B)(i) *with* 8 U.S.C. § 1252(a)(2)(D).[2] Indeed, the Supreme Court has

explained that Section 1252(a)(2)(D) only preserves judicial review of final orders of removal.

*Patel*, 142 S. Ct at 1626; *see also Singh v. United States Citizenship & Immigr. Servs.*, 878 F.3d

441, 445 (2d Cir. 2017), as amended (Jan. 9, 2018) ("A 'petition for review' is a challenge to an

order of removal entered by the [Board of Immigration Appeals].");  *Hamilton v. Gonzales*, 485

F.3d 564, 566–67 (10th Cir. 2007) ("[A] final order of removal is a prerequisite to the

application of § 1252(a)(2)(D). The amended provision did not confer an expanded grant of

---

[2] For ease of reference, the full text of these subsections is as follows:

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), *and regardless of whether the judgment, decision, or action is made in removal proceedings*, no court shall have jurisdiction to review—

(i)    any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title[.]

8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added).

(D) Judicial review of certain legal claims

Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

jurisdiction but merely confirmed our authority to review 'constitutional claims and questions of law,' but only after a final order of removal has been entered.").

The Ninth Circuit has also explained that only the circuit courts retain jurisdiction under the exception in Section 1252(a)(2)(D). *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008) ("Section 1252(a)(2)(D) re-vests the circuit courts with jurisdiction to hear 'constitutional claims or questions of law' that might otherwise be barred under the INA."); *see also Gutierrez v. United States*, 857 F. App'x 944, 945 (9th Cir. 2021) ("Although [Section 1252(a)(2)(D)] confers jurisdiction to 'an appropriate court of appeals' to review 'constitutional claims or questions of law,' it is inapplicable because [p]laintiffs brought their claims before a district court . . . ."). Other circuits have also limited the application of Section 1252(a)(2)(D) to the circuit courts. *See, e.g.*, *Lee v. U.S. Citizenship & Immigr. Servs.*, 592 F.3d 612, 620 (4th Cir. 2010) ("[Section] 1252(a)(2)(D) does not give [plaintiff] a jurisdictional bootstrap into district court. The express language of the statute requires [plaintiff] to raise any constitutional or legal questions 'upon a petition for review filed with an appropriate court of appeals.' . . . To the extent Congress decided to permit judicial review of a constitutional or legal issue bearing upon the denial of adjustment of status, it intended for the issue to be raised to the court of appeals during removal proceedings"); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009) ("[Section] 1252(a)(2)(D) applies only to questions of law 'raised upon a petition for review filed with an appropriate court of appeals.' Thus, it does not grant jurisdiction to review questions of law in district court cases.").

Plaintiff cites *Zamorano v. Garland*, for the principle that this Court has jurisdiction to review "'questions of law,' including 'whether [the agency] failed to consider the appropriate factors or relied on improper evidence.'" ECF 20 at 17 (quoting 2 F.4th 1213, 1221 (9th Cir.

2021)). *Zamorano*, however, arose in the context of a petition for review in a removal proceeding that was filed directly with the Ninth Circuit. *Zamorano*, 2 F.4th at 1218, 1221.

This Court finds that Plaintiff has not met his burden of demonstrating that this Court may exercise jurisdiction under the exception found in Section 1252(a)(2)(D) of the INA. The plain language of the statute restricts judicial review to petitions for review brought directly before a court of appeals—it does not provide a grant of jurisdiction to the district courts. This conclusion is supported by guidance from the Supreme Court, the Ninth Circuit, and other circuits around the country. Accordingly, this Court does not have subject matter jurisdiction over this case, and this action must be dismissed.

## CONCLUSION

For the reasons stated above, the Defendants Motion to Dismiss, ECF 17, is GRANTED. This case is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 25th day of April, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge